ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 DEC 16 A 9 43
CLERK _____

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RONICTOR JOSEPH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 308-050 |
| ) | |
| WALT WELLS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate was incarcerated at McRae Correctional Facility in McRae, Georgia, at the time he filed the current action under 28 U.S.C. § 2241. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.

### I. BACKGROUND

Petitioner plead guilty in the United States District Court for the Southern District of Florida to Illegal Re-entry to the United States after Deportation (8 U.S.C. § 1326(a)), Forgery or False Use of Passport (18 U.S.C. § 1543), and False Personification of a Citizen of the United States (18 U.S.C. § 911). (Doc. no. 1, pp. 2, 12; doc. no. 9, n.2). Petitioner was sentenced to 46 months of imprisonment, consisting of 46 months as to Count 1 and 2, and 36 months as to Count 3, to run concurrently. (Doc. no. 9, p. 5). Petitioner was also

sentenced to two years of supervised release as to Counts 1 and 2, and one year of supervised release as to Count 3. (Id.). Petitioner's conviction was affirmed on appeal. United States v. Joseph, Criminal Case No. 105-20606, doc. no. 31 (S.D. Fla. July 17, 2006). The Court records reveal that Petitioner never filed a motion pursuant to 28 U.S.C. § 2255.

In the instant petition, Petitioner asserts that he is derivatively a United States citizen. (Doc. no. 1, p. 9). According to Petitioner, "It is inconceivable that an American Citizen whether he is born in the land, Naturalized or Derivative is incarcerated for reentry." (Id. at 15). Thus, Petitioner contends that, as he is purportedly an American citizen, he could not have been convicted of illegal reentry. (Id.). Accordingly, Petitioner maintains that his incarceration is illegal and he should be immediately released. (Id.). The Court resolves the matter as follows.

## II. DISCUSSION

Although this case was commenced pursuant to 28 U.S.C. § 2241, the Court must consider the availability of habeas relief under the circumstances of this case. Petitioner, by his own words, establishes that he is attacking the validity of his conviction/sentence. "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). Also of note, § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ (f).

In the instant case, Petitioner has attempted to circumvent the one-year period of

limitation by filing a petition pursuant to § 2241.[1] However, the language of 28 U.S.C. § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

Id. ¶ (e) (emphasis added). The emphasized language is often referred to as the "savings clause." However, the circumstances under which a federal prisoner may invoke the so-called savings clause of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause to circumvent the restriction on filing a motion within the one-year period of limitations. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999) (holding that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier"). In other words, the mere fact that relief under § 2255 is time-barred is not alone sufficient to make § 2241 an available remedy. Bridges v. Vasquez, 151 F. Supp. 2d 1353, 1360 (N.D. Fla. 2001); Nguyen v. Wiley, 151 Fed. Appx. 757, 759 (11th Cir. 2005) (*per curiam*) (affirming dismissal of § 2241 petition where the petitioner failed to show that § 2255 was inadequate or ineffective and noting that the petitioner had the opportunity to raise his claims in a timely § 2255 motion, but failed to do so within the time period); see also Coloma v. Holder, 445 F.3d 1282, 1285 n.4 (11th Cir. 2006) (*per curiam*) (explaining that, as a procedural matter, the court could not reexamine the

---

[1] Petitioner commenced the above-captioned action on May 8, 2008, almost two years after the date his sentence was affirmed by the Eleventh Circuit.

3

petitioner's sentence because he elected relief under 28 U.S.C. § 2241 instead of § 2255 and that, even if the court treated his § 2241 petition as a § 2255 petition, review of his sentence was prohibited because a § 2255 petition would be untimely). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Darby, 405 F.3d at 945 (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted." Wofford, 177 F.3d at n.3.

Here, Petitioner has not applied for relief to the United States District Court for the Southern District of Florida, which is the court that sentenced him. Furthermore, Petitioner makes no attempt to argue that he satisfies the Eleventh Circuit's three-pronged test. Lastly, assuming Petitioner were allowed to proceed under § 2241, Petitioner provides no factual support to establish his actual innocence.[2] Rather, Petitioner merely argues that he is derivatively an American citizen, and thus should not have been convicted of illegally re-entering the United States. Consequently, the instant petition should be dismissed.

---

[2]More specifically, as noted by Respondent, Petitioner did not provide any evidence to show that he was in the sole physical and legal custody of his naturalized father, and that he met all of the pre-conditions for citizenship under the law that was in effect at the time he claimed the privilege.

4

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 16th day of December, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE